IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shawna Michelle Holmes, ) | Criminal Action No.: 4:11-cr-2077-RBH |
| ) | Civil Action No.: 4:13-cv-2846-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Pending before the Court is Shawna Michelle Holmes's ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's Motion to Vacate is dismissed.[1]

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

On August 23, 2011, a federal grand jury returned a seven count indictment against Petitioner. *See* Indictment, ECF No. 2. Counts 1–5 charged Petitioner with knowingly and with intent to defraud, using one or more unauthorized access devices, and by such conduct obtaining money, goods, and services having an aggregate value of more than $1,000.00 in violation of 18 U.S.C. § 1029(a)(2). *See id.* at 1–5. Counts 6 and 7 charged Petitioner with knowingly possessing and using, without lawful authority, a means of identification of another person (the credit card number of another person) during and in relation to using unauthorized access devices, in violation of 18 U.S.C. § 1028A(a)(1). *See id.* at 6–7.

---

[1] Because the pleadings, files, and records conclusively show that Petitioner is not entitled to relief, an evidentiary hearing is not necessary. *United States v. Diaz*, 547 Fed. App'x 303, 304 (4th Cir. 2013) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)); *see also United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010) (citing *United States v. Baysden*, 326 F.2d 629, 631 (4th Cir. 1964)) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

On March 2, 2012, Petitioner entered into a written plea agreement. *See* Plea Agreement, ECF No. 36. In the plea agreement, Petitioner agreed to plead guilty to Counts 5 and 6 of the indictment, and in exchange the Government agreed to dismiss Counts 1–4 and 7 if Defendant complied with the terms of the agreement. *See id.* at 1–3. On April 17, 2012, Defendant pled guilty, and the Court questioned her regarding the plea agreement.

On November 6, 2012, the Court sentenced Petitioner to a total term of 57 months as to Count 5, and a term of two years as to Count 6 to run consecutively to the sentence for Count 5. *See* Minute Entry, ECF No. 53; Judgment, ECF No. 56.

An appeal has not been filed in this matter. However, on October 18, 2013, Petitioner filed the instant Motion to Vacate. *See* ECF No. 60. Defense counsel filed an affidavit on November 26, 2013 detailing his representation of Petitioner. *See* Aff. of T. Case Brittain, Jr., ECF No. 71. Petitioner filed her own affidavit in support of her motion on January 7, 2014. *See* Aff. of Shawna Holmes, ECF No. 75. On January 9, 2014, the Government filed a Motion for Summary Judgment and memorandum in support, asserting that Petitioner's motion is without merit. *See* ECF No. 76. An Order filed January 10, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advised Petitioner of the dismissal procedure and the possible consequences if she failed to respond adequately. *See* Order, ECF No. 77. Petitioner timely filed a response in opposition to Defendant's motion on February 18, 2014. *See* Pet.'s Resp., ECF No. 80.

Petitioner's Motion to Vacate alleges the following grounds for relief:

**Ground 1**:   Ineffective assistance of counsel.

ECF No. 60 at 4.

## APPLICABLE LAW[2]

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 Fed. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 Fed. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'"

---

[2] It is undisputed that Petitioner's Motion to Vacate was timely filed within the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

*Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Petitioner's Motion to Vacate alleges ineffective assistance of counsel. Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687–88, 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id.*

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot

4

be deemed ineffective or deficient if he fails to raise a defense which is "very weak." *Smith v. State of S.C.*, 882 F.2d 895, 899 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id.* A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

## ANALYSIS

### I. Ground I: Effectiveness of Trial Counsel

Petitioner poses four arguments in support of her claim that defense counsel was ineffective. First, Petitioner asserts that counsel was ineffective because "[h]e did not insist on discovery before the plea signing." ECF No. 60-1 at 5. Next, she asserts that counsel was ineffective because "[h]e did not do his own independent investigation." *Id.* Petitioner then argues that counsel was ineffective because "[he] did not file any motions with court objecting to counts 5 and 6 running consecutive not concurrent and add on abuse of authority enhancement, and did not object to the dollar amount when given the opportunity." *Id.* Finally, she argues that counsel "never explained to me that by signing a plea agreement, I was forfeiting all my rights to appeal." *Id.* The Court will address each of these arguments in turn.

#### 1. Discovery

Petitioner's first argument is that counsel was ineffective for not insisting on discovery "before the plea signing." *See* ECF No. 60-1 at 5. Petitioner claims that defense counsel informed

5

counsel for the Government on February 28, 2012 that the discovery he received one week prior could not be opened on the computer. *See id.* at 1. Petitioner notes she signed the plea agreement in early March 2012. *See id.* Petitioner appears to assert that the loss amount could have been lower if counsel had received this discovery prior to her signing the plea agreement. *See id.* at 1–2. On March 8, 2012, she concedes she received all discovery. Petitioner pled guilty on April 17, 2012 and the Court questioned her regarding the plea agreement, which included the loss of over one million dollars stipulation.

The government responded, arguing that the plea agreement signed by Petitioner stipulated that the loss involved in the case was over one million dollars and that her offense level would be enhanced 16 levels for this amount. *See* ECF No. 36 at 6. Moreover, at the plea colloquy (which occurred over a month and a half after Petitioner signed the plea agreement), Petitioner agreed with the factual basis for the plea—*i.e.* that the losses she caused were "more than a million dollars"— and she admitted under oath that she understood the stipulation in the plea agreement that the loss amount was over one million dollars. *See* Plea Colloquy Transcript, ECF No. 69 at 58:3–59:25. The Government argues that these representations create a hurdle that Petitioner cannot overcome.

In his affidavit, defense counsel explained that he did request that all discovery be provided to him prior to Petitioner signing the plea. *See* ECF No. 75. He confirmed that the Government's initial production was unreadable and that he requested replacements. *See id.* Counsel asserted, however, that he believed it was in Petitioner's best interest to go ahead and plead guilty even without receiving the replacements in order to try and get the point reduction/adjustment for her cooperation. *See id.*

Petitioner responded, asserting that counsel told her that by signing the plea agreement, her case would not go to trial and the dollar amount of the loss would be discussed at pre-sentencing

6

report interview. *See* ECF No. 80 at 1. She asserts that counsel represented that by signing the plea, the dollar amount and levels would be adjusted once discovery was made available. *See id.* Finally, she argues that if she had known counsel would not "insist on discovery amount provided by the Government I would never have signed the plea and would have insisted on a trial." *See id.* at 3.

To state a valid claim for ineffective assistance of counsel following a guilty plea: "[defendant] must show that defense counsel's representation fell below an objective standard of reasonableness pursuant to the prevailing professional norms, and that but for counsel's unprofessional errors he would not have pled guilty and would have insisted on going to trial." *United States v. Camp*, 566 Fed. App'x 226, 230 (4th Cir. 2014) (quoting *McGraw v. United States*, 106 F.3d 391 table, No. 96–6161, 1997 WL 34431, at *1 (4th Cir. 1997)).

Petitioner has failed to demonstrate that counsel's representation was unreasonable with respect to the discovery issue. Petitioner repeatedly asserts that the loss was not over one million dollars, and that counsel was ineffective for failing to insist on discovery which would have established this fact. This argument, however, crumbles in light of Petitioner's repeated admissions on the record that the loss was in fact over one million dollars. First, the plea agreement states on its face that 16 levels would be added to Petitioner's sentencing guideline calculation "because the loss involved more than $1,000,000.00." *See id.* However, even more damning to Petitioner's claim was her admission under oath that the loss amount was over one million. The government set forth the terms of the agreement on the record, noting that "16 levels should be added pursuant to 2B1.1(b)(1)(1) because the loss involved more than $1 million." *See* ECF No. 69 at 53:7–9. Petitioner's counsel noted that the government "accurately summarize[d] the agreement." *See id.* at 54:11–13. Moreover, Petitioner confirmed that she reviewed the agreement with her attorney,

7

understood the agreement, that it set out her entire agreement with the government, and that she still desired to plead guilty. *See id.* at 54:15–58:2. Finally, Petitioner specifically agreed on the record to the Government's summary of what she did, part of which was "causing losses of more than a million dollars." *See id.* at 58:5–59:15.

As the Fourth Circuit has explained, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations [s]he makes under oath during a plea colloquy." *Fields v. Attorney General*, 956 F.2d 1290, 1299 (4th Cir. 1992). At no point during the plea colloquy did Petitioner ever express dissatisfaction with counsel's performance or the loss amount. "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005). Here the Court identifies no such extraordinary circumstances. Petitioner's argument in her motion to vacate that she was led to believe she could contest the loss amount—despite stipulating to an amount over a million dollars in the plea agreement and admitting on the record at the plea agreement that she caused a loss over one million dollars—is simply without merit and clearly contradicted by her sworn statements at the plea colloquy.

The Court agrees with the Government that Petitioner cannot show prejudice even if she could show counsel was ineffective for failing to insist on discovery to challenge the loss amount, as she admitted under oath that the loss was over one million. Moreover, as the Government pointed out, Petitioner noted in her petition that her counsel did in fact receive readable discovery on March 8, 2012, which was more than a month before she pled guilty on April 17, 2012. *See* ECF

8

No. 60-1 at 2.  Despite receiving this discovery, she still pled guilty and still admitted to a loss amount of over one million dollars during the plea colloquy.

### 2. Reasonable Investigation

Petitioner next asserts that counsel was ineffective for failing to conduct his own "independent investigation."  *See* ECF No. 60-1 at 5.  Petitioner asserts that counsel should have subpoenaed records from the credit card companies and Bargain Beachwear, interviewed the principals from Bargain Beachwear, and investigated the "original $15,000 amounts constantly changing."  *See id.*

The Government responded, arguing that Petitioner is again bound by her sworn statements under oath at the plea colloquy.  The Government notes that Petitioner told the Court at her plea that she was satisfied with the manner in which her attorney had advised her and represented her.  *See* ECF No. 69 at 17:13–18:2.  She indicated that she talked with her attorney "for as often and for as long as [she] felt necessary," and agreed that her attorney had done everything she had asked him to do.  *Id.* at 18, 20.  The Government also notes that Petitioner admitted under oath at the plea colloquy, and stipulated in her plea agreement, that the loss amount was over one million dollars, and thus she is unable to show any prejudice for any alleged deficiency by counsel.  As the Government points out, she likely would have faced a longer sentence had she contested her guilt or the loss amount.

Counsel also addressed this argument of Petitioner in his affidavit.  Counsel averred that he reviewed all of the discovery provided by the Government.  *See* ECF No. 75 at 1.  He noted that he did not have the extensive amount of time needed to complete an independent investigation to the extent Petitioner declares she wanted, as he could not devote all of his time to her case and she did not have the financial means to allow him to hire a private investigator.  *See id.* at 1–2.  Moreover,

9

counsel noted that all of the facts of this case were in the court record, and Petitioner agreed to the Government's statement that she defrauded over $1,000,000.00. *See id.* at 2. Thus, he explained, a more extensive investigation was unnecessary since Defendant agreed with the amount mentioned by the Government at the time of her plea.

Petitioner responded, asserting that she "never agreed to the dollar amount over $1,000,000.00 as [counsel] so states in his affidavit," citing to emails between herself and counsel's staff in which she indicated she thought the loss amount was less. *See* ECF No. 80 at 1–2. She argues that counsel repeatedly told her that the dollar amount would be addressed before sentencing and that the exhibits show that she tried to get the amount changed before the plea hearing. *See id.* at 3.

The Fourth Circuit has provided that "[a]lthough counsel should conduct a reasonable investigation into potential defenses, *Strickland* does not impose a constitutional requirement that counsel uncover every scrap of evidence that could conceivably help their client." *Green v. French*, 143 F.3d 865, 892 (4th Cir. 1998), *abrogated on other grounds by Williams v. Taylor*, 529 U.S. 362 (2000). Here, counsel noted that he believed that an independent investigation was unnecessary in light of Petitioner's stipulation in the plea agreement and his review of the discovery materials provided by the government. *See* ECF No. 75 at 1–2. The Court cannot say that counsel was unreasonable in declining to conduct an independent investigation.

Moreover, even if counsel was ineffective for not conducting an independent investigation, Petitioner has failed to show any prejudice. By signing the plea agreement, Petitioner stipulated that the loss amount was over $1,000,000.00. Petitioner reaffirmed this at the plea colloquy, and at no time did she seek to withdraw her plea. Because of these admissions, counsel's independent

investigation would have served little purpose. Petitioner already admitted under oath that she was guilty and stipulated that she caused a loss in excess of $1,000,000.00.

### 3. Objections to Presentence Report

Petitioner's next argument is that counsel was ineffective for failing to object to various items in the Presentence Report ("PSR") which affected her sentence. *See* ECF No. 60-1 at 5. First, she asserts that counsel failed to object to Counts 5 and 6 running consecutively and not concurrently. *See id.* She argues that "the running concurrently of counts 5 and 6 is implicated in that agreement," presumably referring to the plea agreement. *See* ECF No. 60-1 at 2. She claims that counsel told her up until sentencing that Count 6 would run concurrent, and that defense counsel agreed with the government immediately prior to the sentencing hearing that "as per the plea agreement count 6 would definitely run concurrent to count 5." *See id.* at 2, 4. Next, Petitioner also asserts that counsel was ineffective for failing to object to the abuse of authority enhancement. *See* ECF No. 60-1 at 5. She argues that this was not in the plea agreement and that counsel for the government told defense counsel that no abuse of authority enhancement would be added because she "wasn't in a position of authority." *See id.* at 4. Finally, she argues that counsel was ineffective for failing to object to the loss amount. *See id.* at 5. Petitioner continues to argue that she was told by defense counsel that she would be able to object to the dollar amount prior to sentencing, and that she would get credit for acceptance of responsibility even though the dollar amount had not been determined. *See id.* at 1. She argues that the discovery suggested a loss amount much lower than what she was charged with, and she was assured by counsel it could be addressed after the PSR was filed. *See id.* at 2. She claims that defense counsel met with counsel for the Government immediately prior to sentencing and they agreed the loss amount was less than $1,000,000. *See id.*

11

The Government responded, arguing that Petitioner's claims related to the PSR are also without merit. First, defense counsel did in fact make the following objections to the PSR: (1) to the two year sentence for Count 6 running consecutively and (2) to the application of the two level increase for abuse of position of trust. *See* Addendum to PSR, ECF No. 55-1 at 1–2. However, because the law mandated that the sentences run consecutively and for strategic reasons, counsel decided Petitioner should withdraw the objections and throw herself at the mercy of the Court. *See* ECF No. 75. Moreover, with regard to the loss amount, the Government also argues that counsel made a strategic decision to not object.

Counsel also addressed these claims of Petitioner in his affidavit. First, he noted that he explained the plea agreement to Petitioner and did initially file objections to the PSR. *See* ECF No. 75 at 2. He also met with counsel for the Government regarding Counts 5 and 6 running consecutively, but was informed that, by law, these counts have to run consecutively. *See id.* He explained this to Petitioner, and averred that they decided that the best course of action would be to withdraw the objections to the PSR and throw themselves "on the mercy of the Court." *See id.* Counsel noted that neither he nor the Government have any control over sentencing and cannot foresee the outcome, and that he explained this to Petitioner. *See id.*

Petitioner responded, repeating her assertion that defense counsel assured her she could object to the loss amount prior to sentencing. *See* ECF No. 80 at 1. She also claims that counsel was not present when she signed the plea agreement and did not explain "every aspect." *See id.* Petitioner attached exhibits which she claims establishes that she continued to object to the loss amount and that she was assured it would be corrected. *See id.* at 1–2. She claims that this shows that defense counsel was "fully aware" that she never agreed to an amount over $1,000,000. *See id.* at 2. She also attached an email where she questioned paragraph 114 of the PSR, which dealt with

12

Count 6 running consecutively, and that defense counsel stated he thought it would not apply to her. *See id.* Finally, she argues that she never agreed to withdrawing the objections to the PSR and "throwing ourselves on the mercy of the court." *See id.*

With regard to the loss amount, as previously discussed, Petitioner is bound by her stipulation in the plea agreement and the sworn testimony at her plea colloquy. Moreover, with regard to Counts 5 and 6 running consecutively, the Court notes that counsel was not ineffective for failing to object. Count 6 of the indictment plainly charged Petitioner with aggravated identity theft in violation 18 U.S.C. 1028A(a)(1). That statute specifically provides for a term of imprisonment of two years and states that "no term of imprisonment imposed on a person under this section shall run concurrently with any other term of imprisonment imposed on the person under any other provision of law." *Id.* Therefore, counsel was not ineffective for failing to object to something that was required by law. An objection would not have provided Petitioner any benefit whatsoever. In any event, the plea agreement clearly explained that the term of imprisonment for Count 6 was "2 years consecutive for first violation." *See* ECF No. 36 at 2 (emphasis added). Finally, at the plea colloquy the Court informed Petitioner that the maximum possible penalty under Count 6 was "up to two years' imprisonment consecutive," and Petitioner indicated she understood this. *See* ECF No. 69 at 50:6–13 (emphasis added). The Court also informed her that "because you are pleading guilty to more than one offense I can order consecutive sentences," which Petitioner also indicated she understood. *See id.* at 50:21–24 (emphasis added).

Finally, the Court finds that counsel was not ineffective for failing to object to the abuse of authority enhancement. Counsel had initially filed an objection to the two-level increase for Abuse of Position of Trust or Use of Special Skill in the PSR. *See* Addendum, ECF No. 55-1 at 2. However, he avers in his affidavit that he and Petitioner made the strategy decision to withdraw the

13

objections. The Court notes that generally strategy decisions by counsel should not be second guessed. *See Roach v. Martin*, 757 F.2d 1463, 1477 (4th Cir. 1985) ("[U]nder *Strickland*, we should be extraordinarily slow to second-guess counsel's trial strategy."); *Darden v. Wainwright*, 477 U.S. 168, 186–87 (1986). In any event, the Court agrees with the Government's argument that Petitioner has not shown that, had counsel made this objection, it would have been successful. The Probation Officer cited to three cases which supported application of the enhancement. *See United States v. Gordon*, 61 F.3d 263 (4th Cir. 1995); *United States v. Akinklye*, 185 F.3d 192 (4th Cir. 1992); *United States v. Mackey*, 114 F.3d 470 (4th Cir. 1997). Applying the standards articulated in those cases, the facts of Petitioner's case certainly could have warranted the enhancement, and the Court cannot say that defense counsel's decision to withdraw the objection was unreasonable.

### 4. Waiver of Appeal

Petitioner's final argument is that defense counsel was ineffective because he never explained to her "that by signing [the] plea agreement, [she] was forfeiting all [her] rights to appeal any or all of a sentence imposed." ECF No. 60-1 at 5.

The Government responded, asserting that Petitioner's statements at the plea colloquy directly contradict her post-conviction assertions. First, the plea agreement included a provision explaining that, pursuant to the agreement, Petitioner was waiving direct appeal and § 2255 rights. *See* ECF No. 36 at 7. Counsel for the Government described this provision in his summary of the plea agreement at the plea colloquy, *see* ECF No. 69 at 53:22–54:2, and Petitioner's counsel stated that he agreed that the Government correct summarized the plea agreement, *see id.* at 54:11–13. Petitioner also stated that she signed the plea agreement, understood it, and fully discussed it with her counsel. *See id.* at 54:15–25. The Court then went over specific terms of the plea agreement with Petitioner, and explained that she was agreeing to waive her rights to appeal and post-

conviction relief under the terms of the agreement. *See id.* at 57:10–15. Petitioner indicated that she had discussed this with her lawyer and understood she was waiving those rights. *See id.* at 57:16–22.

Trial counsel also addressed Petitioner's assertion in his affidavit. He noted that he explained every aspect of the plea agreement to Petitioner prior to her signing. *See* ECF No. 75 at ¶ 4. Moreover, he also points to the provision of the plea agreement which specifically noted that Petitioner was forfeiting her right to appeal or post-conviction relief, and avers that he discussed this with petitioner. *See id.*

As previously noted, Petitioner filed a response where she continues to argue that counsel did not review the plea agreement with her prior to the entry of her guilty plea. Yet again, the Court notes that this is simply unsupported by the record. Petitioner specifically indicated at the plea colloquy that she reviewed the plea agreement with her attorney and understood that she was waiving her right to appeal and post-conviction relief. "Absent clear and convincing evidence to the contrary," she is "bound by the representations [s]he made under oath during a plea colloquy." *See Fields*, 956 F.2d at 1299; *Lemaster*, 403 F.3d 221–22. Accordingly, the Court finds that this claim is also without merit.

On the basis of the above, Petitioner has failed to show any deficient performance on the part of her attorney, and therefore his claims of ineffective assistance of counsel cannot be sustained.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's

assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## CONCLUSION

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is without merit, and that no evidentiary hearing is needed.

Based on the foregoing, it is **ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and Petitioner's Motion to Vacate is **DISMISSED**. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                        s/ R. Bryan Harwell
                                                        R. Bryan Harwell
                                                        United States District Judge

Florence, South Carolina
December 1, 2014